IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kirsten Caruso, | |
|             Plaintiff, | Civil Action No.: _____ |
| v. | |
| The Bureaus, Inc., | **COMPLAINT** |
|             Defendant. | |

For this Complaint, Plaintiff, Kirsten Caruso, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Kirsten Caruso ("Plaintiff"), is an adult individual residing in Plano, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, The Bureaus, Inc. ("The Bureaus"), is an Illinois business entity with an address of 1717 Central Street, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to The Bureaus for collection, or The Bureaus was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. The Bureaus Engages in Harassment and Abusive Tactics

10. In or around June 2020, The Bureaus called Plaintiff's stepson in an attempt to collect the Debt from Plaintiff.

11. The Bureaus disclosed the details about the Debt to Plaintiff's stepson.

12. Plaintiff's stepson is not responsible for repayment of Plaintiff's Debt.

13. Plaintiff did not give The Bureaus permission to speak with her stepson.

14. The Bureaus' disclosure of the Debt to Plaintiff's stepson caused Plaintiff a great deal of embarrassment and humiliation.

### C. Plaintiff Suffered Actual Damages

15. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant' unlawful conduct.

16. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear,

frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.

19. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

20. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

22. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. Plaintiff is entitled to damages as a result of Defendant' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

26. The acts, practices and conduct engaged in by Defendant vis-à-vis Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

27. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Illinois.

28. All acts of the Defendant and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 30, 2021

                                         Respectfully submitted,

                                         By /s/ Sergei Lemberg

                                         Sergei Lemberg, Esq.
                                         LEMBERG LAW, L.L.C.
                                         444 North Michigan Avenue
                                         Suite 1200
                                         Chicago, IL 60611

Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff